UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────x

ANTHONY L. MANNS,

                Plaintiff,

-against-

UNITED AIRLINES, I A M UNION,
GALLAGHER BASSETT,

                Defendants.

───────────────────────────────x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-3668 (CBA) (LB)

**AMON, Chief United States District Judge:**

On June 28, 2013, plaintiff Anthony L. Manns filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. By order dated August 26, 2013, the Court granted Manns's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In that order, the Court found that Manns's complaint failed to state any claims against defendants IAM Union and Gallagher Bassett, or any claims against United Airlines of retaliation under any statute or of discrimination under Title VII or the ADEA.[1] Manns's only surviving claim was his claim against United Airlines for wrongful termination on the basis of disability under the ADA.

In light of Manns's pro se status, the Court granted him leave to file an amended complaint within thirty days of the date of the order to correct the deficiencies in his pleadings. Manns was advised that to state claims of retaliation, he must set forth facts describing what

---

[1] The facts in this case are set forth in this Court's August 26, 2013 order, familiarity with which is assumed.

protected activity he participated in and how the defendants retaliated against him, and that, to state claims of discrimination under Title VII or the ADEA, he had to allege facts describing why he believed he was discriminated against on the basis of a protected status. Finally, he was instructed that in order to state a claim against IAM Union or Gallagher Bassett, he had to allege facts demonstrating how each entity either discriminated or retaliated against him.

The Court's order also noted that the only adverse employment action discernable from the materials Manns attached to his original complaint was Manns's November 13, 2012 termination. Thus, Manns was further advised that to the extent that he also wished to state claims for other adverse employment actions, he should state what those actions were and why he believes such actions were motivated by discrimination. Manns was warned that if he failed to amend his complaint within thirty days as directed by the Court's order, only his wrongful termination claim under the ADA against United Airlines would go forward and the Court would dismiss the rest of his claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

After requests for additional time were granted, Manns filed an amended complaint on September 25, 2013, and a second amended complaint, along with an "Affidavit of Facts," on November 21, 2013. These amendments failed to cure the defects in his pleadings. Manns still has not alleged any facts indicating that he suffered any "adverse employment action . . . under circumstances giving rise to an inference of discriminatory intent," Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012), nor that he participated in any protected activity for which he was retaliated against, see Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010). Manns also has not alleged any facts regarding discrimination or retaliation on the part of IAM Union or Gallagher Bassett.

2

Mann's only discernible claim remains his claim against United Airlines under the ADA that he was wrongfully terminated on the basis of a disability. Accordingly, only that claim shall proceed. Manns's remaining claims against United Airlines and all of Manns's claims against defendants IAM Union and Gallagher Bassett are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to IAM Union or Gallagher Bassett.

The United States Marshals Service is directed to serve the summons, complaint, amended complaint, second amended complaint, the Court's August 26, 2013 order, and this order upon the remaining defendant United Airlines, without prepayment of fees. All pretrial matters are referred to Magistrate Judge Lois Bloom. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
CAROL B. AMON
Chief United States District Judge

Dated: Brooklyn, New York
January 29 2014